# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHARON A. VANDER MEER-WEISS,**

    **Plaintiff,**

  **v.**                                                    Case No. 18-CV-1001

**KROGER COMPANY,**

    **Defendant.**

## DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND MOTION FOR LEAVE TO ANSWER, FILE A MOTION, OR OTHERWISE PLEAD

On April 19, 2019, the Clerk of Court entered default against Kroger Company in favor of Sharon A. Vander Meer-Weiss. The Kroger Co. now appears, arguing the wrong entity was name as a defendant in this action, and moves to set aside the default and for leave to answer, file a motion, or otherwise plead. For the reasons further explained below, the defendant's motion is granted.

### BACKGROUND

On June 29, 2018, Sharon A. Vander Meer-Weiss filed a complaint against her former employer, Kroger Company. (Docket # 1.) Vander Meer-Weiss alleged that she was terminated from her employment due to her age and disability, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12112 to 12117, and the Wisconsin Fair Employment Act ("WFEA"). After screening her complaint, I found that she failed to state a claim under the ADEA and that she could not proceed on her WFEA claim. I granted

Vander Meer-Weiss leave to file an amended complaint. (Docket # 4.) Vander Meer-Weiss filed an amended complaint, proceeding solely on her ADA claim. (Docket # 5.) Upon screening the amended complaint, I ordered the United States Marshals service to serve the amended complaint upon the defendant. (Docket # 6.)

A return of service form was docketed indicating that "Kroger Company" was served care of its registered agent, CT Corporation Service Company on October 22, 2018. (Docket # 10.) After approximately five months with no activity, I issued an order stating that Vander Meer-Weiss must either move for default judgment, or the action would be dismissed for failure to prosecute. (Docket # 11.) Vander Meer-Weiss subsequently moved for default, and the clerk entered default on April 19, 2019. (Docket # 12.) On April 22, 2019, I issued an order stating that Vander Meer-Weiss' request for the entry of default was insufficient for the entry of default judgment because she did not comply with Fed. R. Civ. P. 55(b). (Docket # 13.) Vander Meer-Weiss filed an amended motion for default judgment, requesting back pay in the amount of $45,593.60, future pay in the amount of $376,147.20, punitive damages in the amount of $1.5 million, and compensatory damages in the amount of $1.5 million. (Docket # 14.)

An evidentiary hearing on Vander Meer-Weiss' motion was scheduled and postponed several times. (Docket # 16, Docket # 19, Docket # 21.) On September 4, 2019, Vander Meer-Weiss was warned that she would receive no further adjournments of the evidentiary hearing and the hearing was scheduled for October 10, 2019. (Docket # 21.) On September 26, 2019, the Court received a letter from Rosalyn Darinski, who stated that she received a subpoena to appear at Vander Meer-Weiss' evidentiary hearing but had no knowledge of the case. (Docket # 22.) On October 9, 2019, counsel for "The Kroger Co."

entered an appearance in this case and moved to postpone the evidentiary hearing to allow the defendant an opportunity to review the case and respond accordingly. (Docket # 26.) On October 10, 2019, both counsel for The Kroger Co. and Vander Meer-Weiss appeared at the hearing. (Docket # 30.) I granted The Kroger Co.'s motion to stay the evidentiary hearing and allowed it an opportunity to file a responsive pleading. (*Id.*) Presently before me is The Kroger Co.'s motion to set aside the default and for leave to answer, file a motion, or otherwise plead. (Docket # 31.) Vander-Meer Weiss opposes the motion. (Docket # 39)

**ANALYSIS**

*1. Motion to Set Aside Default*

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Fed. R. Civ. P. 55(c); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). The Seventh Circuit has a well-established policy favoring trial on the merits over default judgment. *Cracco*, 559 F.3d at 631. Kroger argues that it meets all of the requirements for setting aside the entry of default. I will address each element in turn.

*1.1 Good Cause*

The Kroger Co. must first show good cause to set aside the default. In *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007), the Seventh Circuit stated that Rule 55(c) requires "'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" Two years later,

3

however, the Seventh Circuit in *Cracco* found that a defendant seeking to set aside a default under Rule 55(c) had to show "good cause for the late submission of its answer." 559 F.3d at 631. In *Cracco*, the court determined that because the defendant did not willfully ignore the pending litigation and failed to respond to the summons and complaint through inadvertence, it established good cause. *Id.* "Reading these decisions together, the court first looks to the defendant's excuse for the default, then looks to whether there is 'good cause' for judicial action to set aside a default, such as when a default judgment would yield an unjust award of damages." *See United States f/u/b/o Venture Elec. Contractors, Inc. v. Liberty Mut. Ins. Co.*, No. 17-CV-1473, 2018 WL 4120175, at *6 (E.D. Wis. Aug. 29, 2018).

The Kroger Co. argues that Vander Meer-Weiss worked for Roundy's Supermarkets, Inc. (Declaration of Jessica Offenbacher ¶ 3, Docket # 33), a wholly owned subsidiary of The Kroger Co. (Declaration of Dorothy Roberts ("Roberts Decl.") ¶ 3, Docket # 34). The Kroger Co. asserts that there is no separate legal entity called "Kroger Company," as Vander Meer-Weiss named in her complaint. (Roberts Decl. ¶ 3.) It argues that the U.S. Marshals Service served the wrong agent for service of process when it served "Kroger Company" c/o CT Corporation Service Company. (Def.'s Br. at 4, Docket # 32.) Thus, The Kroger Co. contends that it was never served with a Summons or Complaint in this matter. (Roberts Decl. ¶ 6.)

Vander Meer-Weiss argues that because The Kroger Co. was aware of her EEOC claim and did not dispute her claim for unemployment benefits, it should have known about her lawsuit. (Pl.'s Br. at 2, Docket # 39.) While Vander Meer-Weiss asserts that "Kroger Company" was served with her complaint (Docket # 39 at 2), she does not counter defendant's assertion that "The Kroger Co." was never served with her complaint. The

Kroger Co. clearly had notice of Vander Meer-Weiss' discrimination claim—Vander Meer-Weiss filed an EEOC charge and "The Kroger Co." was copied on Vander Meer-Weiss' right to sue letter. (Docket # 39-1 at 4.) But there is a difference between knowing someone has a potential lawsuit and actually being served with a lawsuit. For all The Kroger Co. knew, Vander Meer-Weiss chose not to pursue her claim any further. And the fact that The Kroger Co. did not contest her unemployment benefits has no bearing on its notice of this lawsuit.

Thus, I find that The Kroger Co. has demonstrated "good cause" for setting aside the default. The Kroger Co. was not willfully ignoring the pending litigation; rather, Vander Meer-Weiss named the wrong entity as defendant in her complaint and thus the wrong entity was served.

### 1.2 Quick Action to Correct

The Kroger Co. must next show quick action to correct the default. Evaluating the speed with which a party seeks to set aside an entry of default is a context-specific inquiry requiring the court to consider the possible prejudice to the plaintiff. *See JMB Mfg. Inc. v. Child Craft, LLC*, 799 F.3d 780, 792–93 (7th Cir. 2015). The Kroger Co. asserts that it had no knowledge of this lawsuit until an employee of Roundy's Supermarkets, Inc. was served with a subpoena on October 9, 2019 and a representative of The Kroger Co. was contacted to determine if it had been served with the complaint. (Roberts Decl. ¶ 9.) The Kroger Co. argues that on the same day it was informed of Vander Meer-Weiss' lawsuit, counsel entered an appearance and requested a postponement of the evidentiary hearing. (Docket # 24–Docket # 29.) The Kroger Co. further argues that since the Court has not yet made a

damages determination and no discovery has occurred, Vander Meer-Weiss will not be prejudiced by setting aside the default. (Def.'s Br. at 6.)

Vander Meer-Weiss does not specifically address The Kroger Co.'s diligience argument. Given the fact that The Kroger Co. had counsel file a notice of appearance and a request to postpone the evidentiary hearing on the same day it received notice of Vander Meer-Weiss' lawsuit, I find The Kroger Co. acted quickly to correct the default.

### 1.3 Meritorious Defense to the Complaint

Finally, The Kroger Co. must show a meritorious defense to the complaint, which means "more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (internal citation omitted). The Kroger Co. argues that it has several potentially meritorious defenses. First, it argues that Vander Meer-Weiss not only served the wrong entity, but this service was untimely by several days under Fed. R. Civ. P. 4(m). (Def.'s Br. at 7.) Second, The Kroger Co. argues that Vander Meer-Weiss was an employee of Roundy's Supermarkets, Inc., a wholly-owned subsidiary of The Kroger Co., and The Kroger Co. is not liable for Roundy's actions. (*Id.* at 8.) The Kroger Co. further argues that it intends to allege several affirmative defenses, such as the fact that Vander Meer-Weiss is not a qualified individual with a disability under the ADA. (*Id.*) While The Kroger Co.'s assertion of its potential affirmative defenses amounts to "bare legal conclusions," the other two potential defenses it raises are sufficient to demonstrate at least one arguably meritorious defense to the lawsuit.

For these reasons, The Kroger's Co.'s motion to set aside the default is granted.

*2. Motion for Leave to File Answer*

The Kroger Co. also requests leave to file an answer, motion, or otherwise plead. Under Fed. R. Civ. P. 6(b)(1)(B), the court may extend the time for a party to file its answer on motion made after the time has expired "if the party failed to act because of excusable neglect." The Supreme Court elaborated that the inquiry under "excusable neglect" is:

> [A]t bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv.'s, Co. v. Brunswick Assoc.'s Ltd. P'ship.*, 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not unusually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Further, "[a]s a practical matter, vacating entry of default would serve little purpose without granting defendants leave to file an answer." *Haertle v. Brennan Inv. Grp., LLC*, No. 14-CV-1347, 2015 WL 12964670, at *2 (E.D. Wis. June 4, 2015).

Given The Kroger Co.'s stated reason for its failure to timely answer and the diligence it showed in pursuing this litigation once it received notice of Vander Meer-Weiss' lawsuit, coupled with the lack of prejudice to Vander Meer-Weiss, I find The Kroger Co.'s neglect was excusable and will grant its motion for leave to file an answer, motion, or otherwise plead.

3. *Plaintiff's Discovery Motion*

Finally, Vander Meer-Weiss has filed a discovery motion requesting all employment records in her personnel file. (Docket # 44.) Given the new procedural posture of this case, the defendant needs time to file its answer, motion, or otherwise plead. A schedule for exchange of discovery, if necessary, will be addressed at a later time. Thus, I will deny her motion without prejudice.

**ORDER**

**NOW THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to set aside default and for leave to answer, file a motion, or otherwise plead (Docket # 31) is **GRANTED**. The clerk's office shall **VACATE** the April 19, 2019 entry of default.

**IT IS FURTHER ORDERED** that the defendant shall file its answer, motion, or otherwise plead no later than **January 6, 2020**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (Docket # 14) is **DENIED**.

**FINALLY, IT IS ORDERED** that plaintiff's motion for discovery (Docket # 44) is **DENIED**.

Dated at Milwaukee, Wisconsin this 11th day of December, 2019.

BY THE COURT

s/Nancy Joseph
NANCY JOSEPH
United States Magistrate Judge