# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHARON A. VANDER MEER-WEISS,**

    Plaintiff,

    v.                                               Case No. 18-CV-1001

**ROUNDY'S SUPERMARKETS, INC.,**

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Sharon A. Vander Meer-Weiss sues her former employer, Roundy's Supermarkets, Inc. for failure to accommodate her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12112 to 12117. Roundy's moves to dismiss Vander Meer-Weiss' amended complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Vander Meer-Weiss has not responded to Roundy's motion. *See* Civil L. R. 7(b) and (d) (E.D. Wis.). For the reasons below, Roundy's motion is granted and the case is dismissed.

## BACKGROUND

Vander Meer-Weiss alleges that she began working for Roundy's on May 5, 2001. (Am. Compl. at 6, Docket # 5.) She alleges that Roundy's was aware that she was under medical care for an anxiety disorder, major depression, and PTSD. (*Id.*) Vander Meer-Weiss alleges that she had surgery on her right foot on June 7, 2017 and on her right knee on July 8, 2017 and took FMLA leave from June 6, 2017 until September 12, 2017. (*Id.*) Upon her

return to work, Vander Meer-Weiss alleges that she asked Service Operation Manager Jody Isaacson if she could use vacation time and was told that because she was off all summer, other employees would be allowed to use their vacation time first. (*Id.*) On November 5, 2017, Vander Meer-Weiss alleges that she was told by Human Resources Manager Stephanie Nowatzki that she had to sign a medical records release and a request for work accommodation form to use her cane. (*Id.*) Vander Meer-Weiss questioned why she was required to fill out these forms when Roz Darinski had worked in the deli with a cane for years. (*Id.*)

Vander Meer-Weiss alleges that she was told her cane was a trip hazard. (*Id.*) She further alleges that she informed Nowatzki that the Store Director, Dino Curro, had been making disparaging remarks about her use of a cane in front of other employees. (*Id.*) Vander Meer-Weiss alleges that she was terminated on December 12, 2017 over speaker phone for allegedly violating company policy. (*Id.*) Vander Meer-Weiss filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in which she alleged discrimination based on age, disability, and retaliation. (Docket # 5 at 8.) The EEOC charge stated as follows:

> I believe that the Respondent has discriminated again me on the bases of my Age (year of birth: 1964) and disability when I was discharged. I further believe that I was discharged because I engaged in a protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended and the Americans with Disabilities Act of 1990, as amended.

(*Id.*) Vander Meer-Weiss was issued a right to sue letter dated April 5, 2018. (*Id.* at 7.)

**APPLICABLE RULES**

Roundy's moves to dismiss Vander Meer-Weiss' amended complaint pursuant to Rule 12(b)(5) for insufficient service of process and pursuant to Rule 12(b)(6) for failure to

state a claim upon which relief can be granted. Roundy's principally argues that Vander Meer-Weiss' alleged failure to accommodate claim was not included in her EEOC charge and thus she has failed to exhaust her administrative remedies. I begin my analysis under Rule 12(b)(6).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Roundy's argues that Vander Meer-Weiss' amended complaint fails to state a claim upon which relief can be granted as to her failure to accommodate claim because she has failed to exhaust her administrative remedies with regard to this claim. Specifically, Roundy's argues that Vander Meer-Weiss did not include the failure to accommodate claim in her EEOC charge and thus she is now barred from asserting the claim.

Generally, "[a] plaintiff may not bring claims in a lawsuit that were not included in the EEOC charge." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 476 (7th Cir.1999) (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47 (1974)). There are two primary purposes for this requirement. First, it ensures the EEOC can conduct a full investigation. *Id.* at 477. Second, it provides employers with advance notice of the claims and an opportunity to

resolve them. *Id.* For these reasons, a plaintiff may only pursue claims not explicitly included in the EEOC charge when the allegations fall within the scope of the charges contained in the EEOC complaint. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). A claim falls within the scope of the earlier EEOC charge if it is "like or reasonably related to" those in the EEOC charge. *Id.* If it is, the Court then determines "whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id.* For a claim in the plaintiff's complaint to fall within the scope of the EEOC charge, there must be a factual relationship between them, meaning, at a minimum, the claims in the lawsuit must describe the same conduct and implicate the same individuals as the charge in the EEOC complaint. *Risk v. Ford Motor Co.*, 48 F. Supp. 2d 1135, 1145 (S.D. Ind. 1999).

Again, in her EEOC charge, Vander Meer-Weiss alleges discrimination based on age and disability, as well as retaliation. As to her disability discrimination claim, she alleges that she was discharged because of her disability and retaliated against for engaging in protected activity. (Docket # 5 at 8.) In her amended complaint, however, Vander Meer-Weiss alleges that Roundy's failed to accommodate her disability, specifically, by not allowing her to use a cane. (*Id.* at 4–6.) The Seventh Circuit has stated that a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA. *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). "In fact, the two types of claims are analyzed differently under the law. Therefore, they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." *Id.* (internal citations omitted). Because the court has explicitly found that a

4

failure to accommodate claim is not "like or reasonably related to" a claim of discriminatory treatment under the ADA, Vander Meer-Weiss' failure to raise her failure to accommodate claim in the EEOC charge means that she cannot now bring the claim in federal court. Vander Meer-Weiss' amended complaint only alleges a failure to accommodate claim. (Docket # 5 at 4–6.)[1] Thus, Roundy's motion to dismiss is granted and the amended complaint is dismissed.

Because the case is being dismissed under Rule 12(b)(6), I need not address Roundy's argument that dismissal is warranted under Rule 12(b)(5).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 47) is **GRANTED**. The amended complaint is dismissed. The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] Roundy's makes alternative arguments for dismissal of alleged claims for disability discrimination, harassment, and retaliation "to the extent" Vander Meer-Weiss' amended complaint raises such claims. (Def.'s Br. at 11–15, Docket # 48.) Because the amended complaint only alleges a failure to accommodate claim, it is unnecessary to address these alternative arguments.